IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PAUL SIRAGUSA,          §

         §

      Plaintiff,         §

         §

V.          §      No. 3:12-cv-4497-M

         §

JEFF ARNOLD, ET AL.,          §

         §

      Defendants.         §

**MEMORANDUM OPINION AND ORDER AWARDING ATTORNEYS' FEES
ON MOTION TO COMPEL**

### Background

Defendant Sock and Accessory Brands Global, Inc. ("Defendant" or "SABG") filed a Motion to Compel, *see* Dkt. No. 47, which United States District Judge Barbara M. G. Lynn has referred to the undersigned United States magistrate judge for determination, s*ee* Dkt. No. 48. The Court's September 23, 2014 order granted the motion to compel supplemental discovery responses and deferred ruling on Defendant's request for an award under Federal Rule of Civil Procedure 37(a)(5). *See* Dkt. No. 56.

In a November 20, 2014 order, the Court granted attorneys' fees as required by Federal Rule of Civil Procedure 37(a)(5). *See* Dkt. No. 71. The Court ordered the parties to confer about the reasonable amount of attorneys' fees and whether fees should be assessed against Plaintiff Paul Siragusa, Plaintiff's counsel, or both and to file a joint status report notifying the court of the results of the conference. *See id.* The Court further noted that Defendant filed its fee application in its reply to the motion to compel. *See id.*; Dkt. Nos. 66 & 67.

The parties conferred but did not reach an agreement as to the amount of fees and expenses to be awarded to Defendant. *See* Dkt. No. 72. They did agree that any fee award should be assessed against Plaintiff's counsel. *See id.* They then filed their joint status report. *See id.* Plaintiff also filed a response to the fee application, *see* Dkt. No. 75, and Defendant filed a reply, *see* Dkt. Nos. 78 & 79.

## Legal Standards

The undersigned has authority to enter a nondispositive order granting attorneys' fees as a sanction under Federal Rule of Civil Procedure 37. *See* Dkt. No. 27; 28 U.S.C. § 636(b); *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. Unit A 1981) (per curiam).

"This Court uses the 'lodestar' method to calculate attorney's fees." *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing *Fender v. Zapata Partnership, Ltd.*, 12 F.3d 480, 487 (5th Cir.1994); *Saizan v. Delta Concrete Prods., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (*citing Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). The relevant legal community is the community in which the district court sits. *See Tollett v. City of*

2

*Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).

The party seeking reimbursement of attorneys' fees bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id.* The hours remaining are those reasonably expended. *See id.* There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan*, 448 F.3d at 800.

After calculating the lodestar, the Court may either (1) accept the lodestar figure or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards

3

in similar cases. *See Johnson*, 448 F.2d at 717-19; *see also Saizan*, 448 F.3d at 800. Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins,* 7 F.3d at 457.

Additionally, a party seeking attorneys' fees may only recover for time spent in preparing the actual discovery motion – that is, the "reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A).

The undersigned recognizes that the analysis set forth above, and particularly the interplay of the lodestar analysis and the *Johnson* factors, has recently been called into question. *See Perdue*, 559 U.S. at 552-53; *S&H Indus., Inc. v. Selander*, No. 3:11-cv-2988-M-BH, 2013 WL 6332993, at *2-*3 (N.D. Tex. Dec. 5, 2013). But in a recent opinion, the United States Court of Appeals for the Fifth Circuit, without comment or reference to the United States Supreme Court's decision in *Perdue*, continued to utilize the approach laid out by this Court. *See Black v. SettlePou, P.C.*, 732 F.3d 492, 502-03 (5th Cir. 2013). *But see In re Pilgrim's Pride Corp.*, 690 F.3d 650, 663-64 (5th Cir. 2012) (analyzing whether any changes brought about by *Perdue* apply to bankruptcy attorneys' fees calculations); *but see also In re ASARCO, L.L.C.*, 751 F.3d 291, 296 (5th Cir. 2014) (following *Pilgrim's Pride*).

In *Perdue*, the Supreme Court was ultimately considering the appropriateness of an enhancement of an award of attorneys' fees, and Defendants here have not requested such an enhancement. Other factors also distinguish this case from *Perdue*, including the fact that *Perdue* involved a 42 U.S.C. § 1988 claim and the fees were therefore paid by state and local taxpayers. *See Perdue*, 559 U.S. at 558. Moreover,

after the lodestar amount is determined, it may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation of the lodestar, *see Saizen*, 448 F.3d at 800, and the lodestar calculation may take into account several *Johnson* factors, *see Black*, 732 F.3d at 503 n.8.

In light of the circumstances in this case – where there is no request for enhancement and no Section 1988 claim – the Court will not address whether *Perdue* changed the landscape of calculating attorneys' fees awards in the Fifth Circuit. Rather, it will take into account the necessary factors when determining the appropriate amount of attorneys' fees.

## Analysis

Defendant is represented by Deborah J. Swedlow and Charles W. Duncan, Jr. of the law firm of Honigman Miller Schwartz and Cohn LLP in Detroit, Michigan, and Cody L. Towns with the Rodriguez Law Firm, P.C. of Dallas, Texas. Plaintiffs seek a total of $8,002.50 in reasonable expenses in the form of attorneys' fees for 23.5 hours of attorney work concerning the motion to compel, which consists of five hours of work by Ms. Swedlow at a $435.00 hourly billing rate and 18.5 hours of work by Mr. Duncan at a $315.00 hourly billing rate. The fee application is supported by the Declaration of Deborah J. Swedlow and billing statements from Honigman Miller Schwartz and Cohn LLP, *see* Dkt. No. 67 at 21-27, and the Declaration of Cody L. Towns, *see id.* at 29-30.

Ms. Swedlow declares that both she and Charles Duncan are skilled and experienced attorneys; that she is a 15-year lawyer who specializes in intellectual property and commercial litigation and has considerable experience litigating

5

copyright, trademark, and patent cases; and that Mr. Duncan is a five-year lawyer who specializes in intellectual property litigation. *See id.* at 21-23. She also declares that all of the time entries on the supporting billing statements are for work concerning the motion to compel. *See id.* The billing statements generally reflect the work performed by each attorney with a narrative description of the work done and the number of hours that it took to complete the work. *See id.* at 26-27. That work consists of drafting the motion to compel supplemental interrogatory responses; reviewing, editing, and "attending to" the motion to compel; "attending to" and conferring about discovery issues; drafting a proposed order; reviewing Plaintiff's response to the motion to compel; and drafting and revising a reply brief, which includes the fee application. *See id.*

Mr. Towns declares that he is an experienced attorney who represents clients in commercial and intellectual property litigation in state and federal courts in Texas and elsewhere; that he is familiar with the reasonable and necessary fees charged in Texas for legal services; and that, in his experience, the charges incurred by Defendant related to the motion to compel are reasonable and consistent with those charged by similar firms and lawyers in this geographic region for similar legal work. *See id.* at 29-30.

Plaintiff objects to the fee application as follows:

Plaintiff believes the $8,002.50 in fees sought by Defendants for the filing of a Motion to Compel on six interrogatory responses is unreasonable. Plaintiff has offered Defendants $2,000.00 to resolve this matter without the involvement of the Court, but Defendant continues to seek the full $8,002.50 requested in its October 24, 2014 filing.

6

According to Defendant's records, Attorney Charles Duncan spent 8.5 hours drafting a motion to compel discovery responses to six interrogatories resulting in $2,677.50 in billable time. Mr. Duncan's supervising attorney, Bea Swedlow, then spent 5 hours "reviewing," "attending to," and/or "revising" the motion and reply brief for a total of $2,175.00. Following his initial 8.5 hours of drafting, Mr. Duncan accumulated another 10 hours revising the motion and drafting a reply brief at a total cost of $3,150.00. Given the simple nature of the discovery dispute, Plaintiff does not believe more than 1 hour of attorney time per interrogatory was necessary. Based on the billing entries for Ms. Swedlow and Mr. Duncan, Plaintiff is without adequate explanation of how they spent their time and why it took more than 23 attorney hours to prepare a relatively simple motion to compel. All that can be gleaned from the documents tendered by Defendant is that the drafting, attention to, review, and revisions to a motion to compel and a reply brief took place. Without more information, neither Plaintiff nor the Court can determine whether the more than 23 hours spent was reasonable. Indeed, without a declaration from Mr. Duncan the Defendants cannot even show that Mr. Duncan actually spent the time listed in the documents tendered by Defendants, without regard to the reasonableness of those charges. Furthermore, Plaintiff does not believe hourly rates of $315 and $435 are reasonable for handling a simple discovery dispute.

Plaintiff requests a hearing to determine the reasonableness and necessity of the Defendant's attorneys' fees. Given that Defendants have submitted Declarations from Deborah J. Swedlow and Cody L. Towns, Plaintiff believes he is entitled to an evidentiary hearing where he can question Ms. Swedlow and Mr. Towns about the assertions in the Declarations.

Dkt. No. 75 at 1-2.

Defendant replies that Plaintiff is asking "this Court to stray from the lodestar method and to hold him accountable for less than the full amount of the monetary burden that his unjustified refusal to cooperate in discovery has imposed" on Defendant and is making "the conclusory assertion that the amount of time [Defendant's] counsel spent on the discovery motion and their rates were unreasonable." Dkt. No. 78 at 1. Defendant contends that, while Plaintiff asserts that

7

all of the work that two Honigman attorneys spent 23.5 hours doing "could have been accomplished in six hours," Plaintiff has not "cited to any support for this arbitrary six-hour figure and has made no effort to directly rebut the declaration of [Defendant's] local counsel, which affirmed that the amount of time that counsel spent on the motion was reasonable." *Id.* at 2. Defendant argues that "high-quality legal work takes time" and that "SABG's motion and supporting briefs stated SABG's position with sufficient detail and coherence, along with citations to the relevant legal authority, to allow this Court to rule in SABG's favor." *Id.* Defendant explains that "SABG's counsel has, in fact, spent considerably more than 23.5 hours in connection with SABG's Motion to Compel and its effort to recoup the discovery sanctions awarded by the Court" but that "SABG has not revised its fee award request to reflect the additional time or fees incurred subsequent to the Court's award of the sanction, or in connection with the subsequent briefing required by the Court" and, "[i]nstead, … is merely seeking the fees incurred in connection with the discovery motion itself." *Id.* at 2 n.3.

Defendant further replies that "it is undisputed that Honigman attorneys Ms. Swedlow and Mr. Duncan are skilled and experienced attorneys in legal matters of this type, and 23.5 hours is the amount of time that they actually spent engaged in activities related this motion" and "is also the amount of attorney time for which SABG was actually invoiced and for which SABG paid." *Id.* at 3. Defendant asserts that, "[o]ther than unsupported assertions, Siragusa has not set forth any evidentiary or factual basis to find that this amount of time was unreasonable" and that, "in light of the significant damage award Siragusa seeks in this case, it was entirely reasonable

8

for SABG to incur a mere $8000 in legal fees to compel key discovery on the alleged basis for Siragusa's claims." *Id.* Defendant also contends that "Siragusa can hardly be heard to complain about this figure when it was his own refusal to cooperate in discovery that imposed this burden upon SABG – particularly where Siragusa has never offered a coherent justification for his discovery violations and where all of his objections to the requested discovery have been waived." *Id.*

Defendant then replies that, although Plaintiff "argues that SABG's counsel has not adequately explained how they spent their time on the motion," Plaintiff also "admits that each attorney identified how much time they spent on each of drafting, revising, and reviewing each of the motion and reply brief" and does not make clear "what additional detail SABG could reasonably have provided" or identify "any specific information that was lacking from Honigman's time entries." *Id.* at 4. And, in reply to Plaintiff's suggestion "that SABG is required to submit a declaration by Mr. Duncan in support of its fee request," Defendant contends "that the only required proofs to support a fee request are 'adequately documented time records,' which SABG has submitted for both Ms. Swedlow and Mr. Duncan"; that "it is not customary for multiple attorneys from the same law firm to submit separate declarations in support of a fee request, and Siragusa has not identified any authority to the contrary"; and that, "as a matter of evidentiary law, Ms. Swedlow is permitted to testify regarding the contents of Mr. Duncan's time entries, as they plainly fall within the business record exception to the rule against hearsay." *Id.* (citing *Watkins*, 7 F.3d at 457; FED. R. EVID. 803(6)).

And, in reply to Plaintiff's argument "that Ms. Swedlow's and Mr. Duncan's rates of $435 and $315 per hour, respectively, are too high 'for handling a simple discovery dispute,'" Defendant contends that "[i]t is not customary, however, for attorneys to charge different hourly rates within a single litigation matter based on the various tasks handled, e.g. preparation of pleadings, dispositive motions, discovery motions, etc.," and that Plaintiff's argument "is conclusory, entirely unsupported, and does nothing to directly rebut the declaration of Cody Towns, which affirmed that Honigman's rates are reasonable for a commercial litigation matter of this type in this jurisdiction." *Id.* at 5-6 (quoting Dkt. No. 75 at 2).

Finally, Defendant replies to Plaintiff's request for an evidentiary hearing by asserting that "it is black letter law that '[t]he party requesting the hearing has the burden to show this court what additional evidence it could provide in the hearing that the court does not already have'" and that "Siragusa has made no effort to satisfy this burden." *Id.* at 4-5 (quoting *Watkins*, 7 F.3d at 459). Defendant further argues that, "as Ms. Swedlow and Mr. Duncan are both attorneys and officers of this court, Siragusa has identified absolutely no basis to question the veracity of any factual assertions contained in SABG's fee request or the appendix thereto;" that "the Fifth Circuit routinely affirms awards of attorney fees where the district court refused to hold an evidentiary hearing"; and that, "as Siragusa has repeatedly characterized SABG's motion as a 'simple' matter (see, e.g., Dkt. 75, p. 2), conducting an evidentiary hearing concerning SABG's $8000 fee request would be a waste of resources, including the Court's," where "requiring SABG to bear the cost of sending its Michigan-based counsel

10

to Texas for an evidentiary hearing would effectively deprive SABG of its right to collect attorney fees under Fed. R. Civ. P. 37 by rendering the collection of such fees prohibitively expensive." *Id.* at 5 (citing *Broyles v. Texas*, 381 F. App'x 370, 373 (5th Cir. 2010); *Watkins*, 7 F.3d at 459).

After considering all of the parties' submissions, the Court finds that Defendant's submissions are generally adequate to prove up the time that Defendant's counsel spent in connection with the motion to compel. Plaintiff's response to the motion to compel was certainly short, as the Court noted in granting the motion. *See* Dkt. No. 49; Dkt. No. 56 at 1-3. But that does not diminish the analysis that Defendant was required to marshal and present to the Court – and that the Court, in turn, was required to undertake – as to the six interrogatories at issue and the sufficiency of Plaintiff's response to each. *See* Dkt. No. 47; Dkt. No. 55; Dkt. No. 56.

Mr. Duncan and Ms. Swedlow spent 16.75 hours between them on the original motion to compel and a detailed 2-page proposed order. *See* Dkt. No. 67 at 26. Ms. Swedlow declares that, "[w]henever possible, work on this matter was handled by Mr. Duncan, who has the lower billing rate on the team," and that, because she has the higher rate, Ms. Swedlow "minimized the amount of time I spent working on this matter." Dkt. No. 67 at 23. The billing entries reflect that – Ms. Swedlow billed only 3.25 hours of the total 16.75 hours on the original motion to compel. *See id.* at 26. Only Ms. Swedlow billed – for .25 hour – for reviewing Plaintiff's response, and collectively Defendant's attorneys billed 6.50 hours (5.00 of which Mr. Duncan billed) in connection with the reply in support of the motion to compel. *See id.*

11

Ms. Swedlow declares that she "participated in the preparation of the statement" itemizing counsel's time entries and that she "ensured that the amount of time reported for each entry corresponded only to time spent on the motion to compel and removed any positions of the narrative that did not relate to the motion to compel, as well as privileged content." Dkt. No. 67 at 23. Leaving aside for the moment whether any of the billed time for which Defendant seeks an award of fees was excessive, duplicative, unnecessary, or inadequately documented, the Court does not believe that Defendant is required to provide further evidence to explain how Defendant's counsel spent their time, totaling 23.50 attorney hours in connection with the motion to compel, and to permit the Court to determine whether the billed time was reasonable.

Likewise, the Court does not believe that Mr. Duncan must separately provide a declaration to prove up his own time or confirm that he in fact incurred the itemized hours in connection with this work. The Court does not customarily require a declaration or affidavit from every billing attorney and, in any event, finds that here Ms. Swedlow's declaration adequately proves up the time spent by Ms. Swedlow and her partner Mr. Duncan under Ms. Swedlow's supervision.

Defendant met its burden of establishing the number of hours – 23.50 – expended in connection with the motion to compel through the presentation of adequately recorded time records as evidence. *See Watkins*, 7 F.3d at 457. The Court accordingly uses this time as a benchmark and must then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id.* The hours remaining are those reasonably expended. *See id.*

12

Defendant's original motion to compel is roughly 13 pages long and cites some legal authority and provides specific, detailed arguments as to the objections and responses to each of six interrogatories. *See* Dkt. No. 47. Under the circumstances, the Court does not agree with Plaintiff's contention that drafting a motion and reply and reviewing Plaintiff's response should have been limited to a total of 6 hours at a rate of 1 hour for each interrogatory at issue.

But, at the same time, while the Court is sympathetic to how difficult it can sometimes be to describe the work done on a motion after it is initially drafted, descriptions of time spent "attending" to a motion do not provide adequate information for the Court to find that the time was reasonable and necessary. "Billing entries must explain the subject matter of the task enough to allow the court to determine whether the time was reasonably expended." *Inclusive Communities Project, Inc. v. Texas Dep't of Hous. and Cmty. Affairs*, No. 3:08-cv-546-D, 2013 WL 598390, at *4 (N.D. Tex. Feb. 15, 2013). Accordingly, the Court will not award fees for Ms. Swedlow's time billed on July 17, 23, and 24, 2014 and September 14, 2014, which is a total of 1.75 hours.

The Court otherwise finds that the time Mr. Duncan and Ms. Swedlow spent on the motion to compel and reviewing Plaintiff's response was not excessive, duplicative, or inadequately documented. Under the circumstances of this particular discovery matter, the Court finds that spending 15.5 hours on a thorough and successful 13-page motion to compel and 2-page detailed proposed order to be reasonable and necessary, as was spending a mere .25 hours reviewing Plaintiff's 1-page response.

Likewise, the Court finds that time spent on the 2-page reply here was generally

13

reasonable and necessary. The reply was short – 2 pages – but, as replies go, less is generally more. Still, Plaintiff's response comprised only a single paragraph and raised little to reply to. Even having removed Ms. Swedlow's .50 hours on September 14, 2014 for the reply already, the Court finds that spending 5.0 hours to draft the 2-page reply is excessive under the circumstances and should be reduced to only 4.0 hours for Mr. Duncan's time on September 12, 2014, along with Ms. Swedlow's 1.0 hour on September 15, 2014.

The Court therefore finds that the remaining hours – 15.5 on the motion, .25 on the response, and 5.00 on the reply, for a total of 20.75 hours – are those reasonably expended in connection with Defendant's motion to compel. Other than as the Court has found 2.75 hours to be excessive, unnecessary, or inadequately documented, the Court, for the reasons explained above, rejects Plaintiff's objections to the time for which Defendant's attorneys billed.

Turning to the matter of reasonable rates, the Court finds that Mr. Town's declaration is competent evidence as to the reasonableness of Ms. Swedlow's and Mr. Duncan's rates. *See* Dkt. No. 67 at 29-30. Defendant has the burden, as the movant, to "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 896 n.11. Generally, the reasonable hourly rate for a community is established through affidavits of other attorneys practicing there. *See Tollett*, 285 F.3d at 368. But the Court also may use its own expertise and judgment to make an

14

appropriate independent assessment of the hourly rates charged for the attorneys'

services. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir.

2004); *Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.*, 526 F.2d 865, 868 (5th Cir. 1976);

*Vanliner Ins. Co. v. DerMargosian*, No. 3:12-cv-5074-D, 2014 WL 1632181, at *2 (N.D.

Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of

attorneys' fees).

Based on the practice in this Court and this Court's own expertise, the Court

rejects Plaintiff's suggestion that lower rates should apply to discovery disputes than

to other matters in a case. That is simply not how billing rates are generally

determined or applied in practice or in this Court's awarding fees.

Here, Ms. Swedlow, a 15-year lawyer, charges $435.00 per hour, and her

partner, 5-year lawyer Charles W. Duncan, Jr., charges $315.00 per hour. Mr. Towns

does not provide any comparative data or citations to other fee awards at rates at these

levels for attorneys of these attorneys' vintages. But the Court recently, in a copyright

action, found $400 per hour to be appropriate for a lawyer of similar experience to Ms.

Swedlow, and the Court likewise finds that to be the appropriate rate at which to

reimburse Ms. Swedlow's time, as the prevailing market rate in this legal community

for similar services by lawyers of reasonably comparable skills, experience, and

reputation. *See SortiumUSA, LLC v. Hunger*, No. 3:11cv-1656-M, 2015 WL 179025

(N.D. Tex. Jan. 14, 2015). And another judge of this Court recently explained that "the

normal and customary rate for a four-five year attorney in the Dallas legal market ...

is $225-275 per hour." *Parks v. Commercial Recovery Sys., Inc.*, No. 3:12-cv-2742-L,

2014 WL 521501, at *1 (N.D. Tex. Feb. 7, 2014). The Court believes that that is the correct range for such a lawyer in the Dallas market and that $275 is the appropriate rate at which to reimburse Mr. Duncan's time, as the prevailing market rate in this legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.

The undersigned calculates the lodestar, then, as 17.50 hours for Mr. Duncan at $275 per hour, for total for Mr. Duncan of $4,812.50, and 3.25 hours for Ms. Swedlow at $400 per hour, for total for Ms. Swedlow of $1,300.00, finds that this lodestar of $6,112.50 reflects the appropriate number of hours worked in connection with the motion to compel and the attorneys' reasonable hourly rates, that this lodestar amount is supported by the evidence and is the amount of time reasonably expended in connection with Defendant's successful motion to compel. The Court further finds no reason, based on any of the *Johnson* factors, to modify the $6,112.50 lodestar amount, as to which there is a strong presumption of the reasonableness. *See Perdue*, 559 U.S. at 552; *Saizan*, 448 F.3d at 800; *Watkins,* 7 F.3d at 457. Accordingly, the Court accepts the lodestar amount of $6,112.50 as the appropriate award of reasonable expenses to Defendant under Rule 37(a)(5).

Finally, as explained and demonstrated in the analysis above, the Court finds that an evidentiary hearing on Defendant's fee application, as requested by Plaintiff, is not necessary "because the court has before all the information upon which the decision to award fees would be based," *Broyles*, 381 F. App'x at 373, and because, other than suggesting that he wishes to cross-examine Defendant's counsel on their

rates and time spent, Plaintiff has not adequately met his "burden to show the court what additional evidence [he] could provide in the hearing that the court does not already have," *Watkins*, 7 F.3d at 459.

### Conclusion

The Court ORDERS Plaintiff's attorney, Jeff Benton of The Benton Law Firm of Dallas, Texas, to pay Defendant Sock and Accessory Brands Global, Inc. the amount of $6,112.50 for payment of reasonable attorneys' fees and expenses under Federal Rule of Civil Procedure 37(a)(5)(A) for preparation of Defendant Sock and Accessory Brands Global, Inc.'s Motion to Compel [Dkt. No. 47] and related documents by the law firm of Honigman Miller Schwartz and Cohn LLP of Detroit, Michigan. Full payment must be made by **March 9, 2015.**

SO ORDERED.

DATE: February 9, 2015

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE